UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CANYON ESTATES CONDOMINIUM ASSOCIATION, a Washington non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>ATAIN SPECIALTY INSURANCE COMPANY; and INDIAN HARBOR INSURANCE COMPANY,<br><br>Defendants. | NO.<br><br>COMPLAINT<br><br>**JURY DEMAND** |

Plaintiff Canyon Estates Condominium Association, by and through its attorneys, Ashbaugh Beal, for its Complaint alleges as follows:

## I.   PARTIES, JURISDICTION & VENUE

1. Plaintiff Canyon Estates Condominium Association (the "Association") is a Washington non-profit corporation that is incorporated in the state of Washington and is established as the unit owners' association for the Canyon Estates Condominium, located in Tukwila, Washington.

2. Defendant Atain Specialty Insurance Company ("Atain") issued policies of property insurance to the Association in the state of Washington, including but not limited to

COMPLAINT - 1

Certificate No. GEP3462. Upon information and belief, Atain's home office is located in Farmington Hills, Michigan.

3. Defendant Indian Harbor Insurance Company ("Indian Harbor") issued policies of property insurance to the Association in the state of Washington, including but not limited to Policy No. PRO0037150-03. Upon information and belief, Indian Harbor's home office is located in Stamford, Connecticut.

4. Atain and Indian Harbor are referred to herein collectively as the "Insurers."

## II.   JURISDICTION & VENUE

5. Subject matter jurisdiction is proper under 28 U.S.C. § 1332(a)(1) because each party is a citizen of a different state: the Association is a citizen of the state of Washington, Atain is a citizen of Michigan, and Indian Harbor is a citizen of Connecticut.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred here, the real estate which is the subject of this action is located in King County, and Insurers do business in King County.

7. Venue in this Court is proper, and this Court has subject matter and personal jurisdiction over this action and the parties hereto.

## III.   FACTUAL BACKGROUND

8. The Association's condominium (the "Condominium") is made up of ten buildings comprising 186 residential units, as well as common areas, such as a cabana and pool building. The Condominium is located at 15136 65th Avenue South in Tukwila, Washington, and was originally constructed in the late 1960s.

9. Each of the Insurers provided all-risk property insurance policies to the Association at some point in time between 2015 and 2016. Each of those policies covers all

COMPLAINT - 2

Ashbaugh Beal
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900 F. 206.344.7400

1  loss or damage to the Condominium, unless such loss or damage is expressly excluded under
2  the terms of that policy. The policies provide coverage for "collapse" (i.e., substantial
3  impairment of structural integrity) due to hidden decay, as well as water intrusion damage.

4  10. Recently, the Association became aware of covered damage at the
5  Condominium.

6  11. On or around April 6, 2018, the Association notified the Insurers in writing of
7  the losses at the Condominium and of a claim for insurance coverage and benefits associated
8  with those same losses. This notice was written notification of claim under WAC 284-30-370
9  and is attached as **Appendix A** hereto. The Association also sent notice of claim to certain
10 other of its property insurers, including Great Lakes, Chubb, Farmers, and State Farm
11 Insurance Companies.

12 12. In response to that notice, each Insurer was required to undertake a reasonable
13 investigation into the nature and extent of the loss and the Association's claim. Each Insurer
14 owed quasi-fiduciary duties to the Association in relation to the investigation and adjustment
15 of the claim, requiring the Insurers, among other things, to be fair and reasonable in the
16 investigation of the Association's claim and to each be a neutral arbiter when resolving issues
17 of coverage.

18 13. All of the Association's notified carriers paid for and conducted an intrusive
19 investigation into the damage at the covered property to determine the nature and extent of
20 the damage, except for Atain and Indian Harbor.

21 14. On or around April 24, 2018 (less than a month after notice of claim was
22 sent), Atain and Indian Harbor, through their counsel, Cozen O'Conner, denied coverage and

23
24

COMPLAINT - 3

Ashbaugh Beal
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900 F. 206.344.7400

benefits outright with little to no investigation into the Association's claim via a joint letter to the Association. That correspondence is attached as **Appendix B** hereto.

15. The Insurers failed to conduct a reasonable investigation into the Association's claim prior to denying coverage and benefits, in violation of Washington law.

16. The Insurers refused to perform a reasonable investigation and denied coverage outright because, in their view, even if coverage were owed, the Association could not file suit to enforce policy terms because of a suit limitation provision in the policy.

17. The Insurers' denial based on a suit limitation clause was unreasonable and contrary to Washington law, including but not limited to *Yancey v. Automobile Ins. Co. of Hartford*, No. C11-1329RAJ, 2012 WL 12878687 (W.D. Wash. 2012) ("The expiration of the Policy's suit limitation period does not extinguish other Policy obligations."); *Ashburn v. Safeco Ins. Co.*, 42 Wn. App. 692 (1986) (describing a contractual limitations clause as a limitation on a legal remedy rather than a means to extinguish other contractual duties).

18. On or about November 6, 2018, the Association sent the Insurers Insurance Fair Conduct Act notices under RCW 48.30.015(8)(a). That correspondence is attached as **Appendix C** hereto. On or about November 12, 2018, the Insurers doubled down and sent the Association a letter reiterating the same bases for denying its claim for coverage and benefits. That letter is attached as **Appendix D**.

19. The Insurers failed to resolve the basis of the claim, and the Association now brings suit against them.

//

//

COMPLAINT - 4

Ashbaugh Beal
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900 F. 206.344.7400

## IV. CAUSES OF ACTION

### A. Cause of Action 1: Declaratory Relief

1. The Association is entitled to declaratory relief adjudicating the respective rights and obligations of the parties with respect to the disputes set forth above and under the policies of insurance issued by each of the Insurers.

### B. Cause of Action 3: Bad Faith

2. The Insurers' actions and/or inactions as stated herein were unreasonable, unfounded, or frivolous. As such, the Insurers are liable for their bad-faith conduct and all damages sustained by the Association as a result thereof, including but not limited to the coverage owed under the Insurers' policies that the Insurers (unreasonably) refused to provide.

### C. Cause of Action 4: Breach of Consumer Protection Act

3. The Insurers' actions and/or inactions as stated herein constitute per se and non-per se unfair and deceptive acts or practices as defined in Washington's Consumer Protection Act (RCW 19.86 *et seq.*). The Association has been damaged by the Insurers' conduct in an amount to be proved at time of trial as a proximate result of such unfair and deceptive acts or practices. The Association's damages include but are not limited to the coverage owed under the Insurers' policies that the Insurers (unreasonably) refused to provide.

### D. Cause of Action 5: Negligence

4. The Insurers' actions and/or inactions as stated herein constitute a breach of their duty to use reasonable care in handling claims and adjusting their policyholders' claims. The Association has been damaged as a proximate result of the Insurers' negligence and has

incurred damages as a proximate result of that negligence, including but not limited to the coverage owed under the Insurers' policies that the Insurers (unreasonably) refused to provide, as well as attorneys' fees.

### E. *Cause of Action 6: Insurance Fair Conduct Act*

5. On November 6, 2018 the Association sent notice to the Insurers pursuant to RCW 48.30.015 by certified mail. More than 20 days have passed since that notice was sent, and neither Indian Harbor nor Atain resolved the basis of the claim. Given that Indian Harbor and Atain unreasonably denied a claim for coverage, the Association has been harmed. The Association has rights to all damages available under RCW 48.30.015, including but not limited to the coverage owed under the Insurers' policies that the Insurers (unreasonably) refused to provide.

## V. PRAYER FOR RELIEF

WHEREFORE, the Association prays for judgment in its favor against the defendants as follows:

1. For declaratory relief consistent with the pleadings herein;

2. For monetary damages in an amount to be proved at trial;

3. For enhanced damages, attorneys' fees, and expert costs as allowed under the CPA and/or RCW 48.30.015;

4. For pre- and post-judgment interest;

5. For actual attorneys' fees and costs, pursuant to *Olympic Steamship v. Centennial*, *McGreevy v. Oregon Mutual*, or other applicable law; and

//

//

COMPLAINT - 6

6. For such other and further relief as the Court may deem just and equitable.

DATED this 7th day of December, 2018.

                ASHBAUGH BEAL

By s/ Jesse D. Miller
    Jesse D. Miller, WSBA #35837
    jmiller@ashbaughbeal.com

By s/ Zachary O. McIsaac
    Zachary O. McIsaac, WSBA #35833
    zmcisaac@ashbaughbeal.com

By s/ Jocelyn J. Whiteley
    Jocelyn J. Whiteley, WSBA #49780
    jwhiteley@ashbaughbeal.com

Attorneys for Plaintiff

COMPLAINT - 7