UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CANYON ESTATES CONDOMINIUM ASSOCIATION, a Washington non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>ATAIN SPECIALTY INSURANCE COMPANY; INDIAN HARBOR INSURANCE COMPANY; WESTCHESTER SURPLUS LINES INSURANCE COMPANY; and GREAT LAKES INSURANCE, SE,<br><br>Defendants. | CASE NO. C18-1761-RAJ<br><br>ORDER RE: PLAINTIFF'S MOTION TO COMPEL WITH REGARD TO GREAT LAKES INSURANCE, SE |

Plaintiff Canyon Estates Condominium Association has moved to compel defendant Great Lakes Insurance, SE to produce certain documents and to compel the deposition of defense counsel Michael Hooks. (Dkt. 53.) Defendant opposes the motion. (Dkt. 71.) The matter has been referred to the undersigned for decision by the Honorable Richard A. Jones. Having considered the record and the documents submitted by the parties, the Court finds plaintiff's motion should be GRANTED in part and DENIED in part.

ORDER
PAGE - 1

This case arises from an insurance claim for long-term water damage filed with defendant and other insurance companies. Notice of loss was sent to this defendant on April 6, 2018. Defendant denied coverage by letter dated January 31, 2019, following which plaintiff sent an Insurance Fair Conduct Act (IFCA) notice to defendant on March 7, 2019. Defendant reaffirmed the denial of coverage on March 21, 2019, and plaintiff filed suit against this defendant (and other insurance companies) on May 31, 2019. Claims include, *inter alia*, bad faith, a breach of the Consumer Protection Act, and IFCA violations. (*See* Dkt. 19.)

The chronology of the claim is pertinent because plaintiff asserts defendant's trial counsel, Michael Hooks, also performed claims-handling activities during the investigation and adjustment of the claim prior to the filing of the lawsuit. Plaintiff cites *Cedell v. Farmers Ins. Co.*, 176 Wn.2d 686, 295 P.3d 239 (2013), as support for its assertion it is entitled to depose Mr. Hooks, and to obtain unredacted copies of claim file documents and invoices for activities billed by Mr. Hooks during the claims-handling period. Defendant asserts attorney-client privilege and the work product doctrine and/or the mediation privilege in opposing the motion.

As both parties acknowledge, state law governs the assertion of attorney-client privilege. Fed. R. Evid. 501. In *Cedell*, 295 P.3d at 246, the Washington Supreme Court found a presumption "that there is no attorney-client privilege relevant between the insured and the insurer in the claims adjusting process[.]" The attorney-client privilege is "generally not relevant." *Id.* Plaintiff argues defendant cannot rebut this presumption, pointing to an inference Mr. Hooks participated in preparing the denial of coverage letter as evidenced by Mr. Hooks' email and phone number at the top of the document (Dkt. 54-3), and Mr. Hooks' admitted authorship of the March 21, 2019 IFCA letter (Dkt 54-4). Plaintiff also notes the heavily-redacted Adjustor's Log (Dkt. 54-11 at 4-29), which redactions are claimed by defendant based on attorney-client privilege, mediation privilege,

and work product. (Dkt 54-10 at 18.) Plaintiff argues the proliferation of these entries during the claims-handling process shows the centrality of Mr. Hooks to the adjustment of the claim, and that quasi-fiduciary activities are not protected by the attorney-client privilege or as attorney work product.

Defendant does not dispute Mr. Hooks' participation in the drafting of the claim denial letter or his authorship of the IFCA letter. However, it asserts Mr. Hooks was not involved in investigating the claim, participating in site inspections, obtaining witness statements, retaining an engineering expert, or making any settlement offers. Rather, defendant claims it decided to retain legal counsel because the April 6, 2018 notification of loss letter came from plaintiff's attorney. Defendant decided to have Mr. Hooks prepare the IFCA response because the notice to which it was responding was prepared by an attorney and contained multiple legal citations. Defendant asserts Mr. Hooks was retained only to provide "legal advice and counsel." (Dkt. 71 at 4.)

Defendant does not successfully rebut the discoverability presumption as to the information sought by plaintiff, with certain exceptions noted below. Defendant's retention of Mr. Hooks and his firm was nearly contemporaneous with receipt of the notice of the loss and the claims adjustment process, long before litigation was commenced. By defendant's admission, Mr. Hooks was involved in drafting the initial coverage denial letter and authored the IFCA letter that reaffirmed the claim denial. This type of activity has been found to be among the quasi-fiduciary tasks of investigating and evaluating or processing a claim. *See, e.g., Bagley v. Travelers Home & Marine Ins. Co.,* No. C16-706-JCC, slip op. (Dkt. 32) at 7 (W.D. Wash. July 5, 2016). Defendant's assertion it retained counsel simply because plaintiff's claim letter came from an attorney does not logically support its claim the heavily redacted activities in the Adjustor's Log should be exempt from discovery.

Defendant's claim of attorney work product protection also fails. Rule 26 protects documents prepared "in anticipation of litigation or for trial[.]" Fed. R. Civ. P. 26(b)(3)(A). But claims adjustment documents prepared as part of the insurance company's "routine duty to investigate" are "created in the ordinary course of business and therefore [are] not protected by the work product doctrine[.]" *Heath v. F/V Zolotoi*, 221 F.R.D. 545, 549-50 (W.D. Wash. 2004). Defendant has not overcome the presumption the documents created prior to the issuance of the IFCA response are discoverable.

With regard to those documents dated subsequent to March 21, 2019, however, defendant's assertion of privilege and work product is more persuasive. Plaintiff apparently does not seek production of documents covered by the mediation privilege (*see* Dkt. 73-4 at 4), and the documents listed in the Amended Privilege/Redaction Log created near to the date of the May 21-22, 2019 mediation can reasonably be identified as such. (Dkt. 74-1 at 12-17.) Likewise, documents prepared after the March 21, 2019 IFCA response should be exempt from discovery as likely privileged.

The Court, in sum, hereby finds and orders as follows:

(1) Plaintiff's Motion to Compel answers to Requests For Production 2, 11, 12, 13, 14 and 17 (Dkt 54-7 at 14, 19, 20, and 22) is GRANTED as to claim file documents listed in the privilege log (Dkt 54-10) as entries 6-9, 12-16, and 24-69. Plaintiff's motion is DENIED as to claim file documents identified in the privilege log as entries 71, 73, 79, and 84. With regard to privilege log entry 117 (Dkt 54-10 at 18), plaintiff's motion for an unredacted copy of the adjustor file (Dkt 54-11) is GRANTED for entries up to and including March 21, 2019, but DENIED as to entries after that date. Documents should be produced no later than **fourteen (14) days** from the date of this Order.

(2) Plaintiff also moves to compel production of "invoices received from the Bracepoint Law firm which will permit consideration of the tasks performed by individuals at that firm which qualify as 'activities' described in WAC 284-30-320(9)." (Dkt 54-7 at 19.) Plaintiff's motion is GRANTED as to invoices for services performed on or before March 21, 2019, which consist of privilege log entries 5, 10, 11, and 18-21. Log entry 22 should be produced but may be redacted as to services performed after March 21, 2019. Plaintiff's motion is DENIED for entries 23, 70, and 72. Documents should be produced no later than **fourteen (14) days** from the date of this Order.

(3) Plaintiff's motion to compel the deposition of Michael Hooks is GRANTED. The parties should meet and confer and agree on a date for the deposition.

(4) The Clerk is directed to send copies of this Order to the parties and to Judge Jones.

DATED this 20th day of November, 2019.

Mary Alice Theiler
United States Magistrate Judge