UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| CANYON ESTATES CONDOMINIUM ASSOCIATION, a Washington non-profit corporation, | |
|---|---|
| Plaintiff, | CASE NO. C18-1761-RAJ |
| v. | ORDER RE: PLAINTIFF'S MOTION TO COMPEL WITH REGARD TO DEFENDANTS ATAIN AND INDIAN HARBOR AND DEFENDANTS' MOTION TO MODIFY SUBPOENA |
| ATAIN SPECIALTY INSURANCE COMPANY; INDIAN HARBOR INSURANCE COMPANY; WESTCHESTER SURPLUS LINES INSURANCE COMPANY; and GREAT LAKES INSURANCE, SE, | |
| Defendants. | |

Plaintiff Canyon Estates Condominium Association ("Canyon Estates") moves to compel defendants Atain Specialty Insurance Company ("Atain") and Indian Harbor Insurance Company ("Indian Harbor") to comply with subpoenas duces tecum for certain documents. (Dkt. 60.) Defendants object and filed a cross-motion to modify the subpoenas. (Dkt. 77.) These motions have been referred to the undersigned for decision by the Honorable Richard A. Jones. Having considered the record and documents submitted by the parties, the Court finds plaintiff's motion to compel should be GRANTED in part and DENIED in part, and defendants' motion to modify

ORDER
PAGE - 1

should be GRANTED in part and DENIED in part.

This case arises from an insurance claim for long-term water damage filed with defendant insurance companies and others. Notice of loss was sent to defendants on April 6, 2018. Defendants denied coverage by letter dated April 24, 2018, citing a suit limitation clause in the policy. Plaintiff then sent an Insurance Fair Conduct Act (IFCA) notice to defendants on November 6, 2018. Defendants reaffirmed the denial of coverage on November 12, 2018. Both the coverage denial letter and the IFCA reaffirmance of denial letter came from the law firm Cozen O'Conner. (Dkts. 31-1, 31-3.) Plaintiff filed suit against these defendants on December 7, 2018.[1] Claims included, *inter alia*, bad faith, breach of the Consumer Protection Act, and IFCA violations. (Dkts. 1, 19, 26.)

Plaintiff sought to depose Cozen O'Connor attorneys Jonathan Toren and J. C. Ditzler and defendants agreed. Preparatory to the depositions, plaintiff served subpoenas duces tecum seeking all documents in the attorneys' files relating to the insurance claim in this case and another insurance matter in which the firm was also involved. *See Lakewood Shores Homeowners Association v. Continental Casualty Company et al.*, No. C18-1353-MJP. Specifically, plaintiff's subpoenas duces tecum sought the production of the following:

> All documents in any way related to the work you or your office did on the Canyon Estates matter, including any internal documents or emails. All documents in any way related to the work you or your office did on the Lakewood Shores matter, including any internal documents or emails. Provide a detailed log for any responsive documents not being produced in response to this subpoena.

(Dkts. 61-5, 61-6.)

---

[1] Plaintiff filed an Amended Complaint and a Second Amended Complaint, on March 7 and May 31, 2019 respectively, adding additional defendants. (Dkts. 19, 26.)

ORDER
PAGE - 2

Defendants objected to the subpoenas. (Dkts. 61-7, 61-8.) Plaintiff moved to compel production in the motion now before the Court. Defendants move to modify the subpoenas. The parties reasonably prefer the subpoena issue be resolved before the depositions are conducted to avoid the necessity of second depositions.

Plaintiff claims Cozen O'Connor attorneys performed quasi-fiduciary insurance claims-handling activities and, in fact, asserts Cozen O'Connor attorneys were "the *only* people to do anything with respect to the adjustment of the Canyon Estates claim[.]" (Dkt. 60 at 2 (emphasis in original).) Defendants dispute this assertion, claiming the retention of the Cozen O'Connor firm was limited to providing "purely legal advice" on a specific legal question, that is, the denial of coverage based on the one-year suit limitation provision in the policies. (Dkt. 77 at 2.) Defendants contend outside adjusters conducted "any site investigation or claim adjustment" that might be required. (*Id*.) Defendants clarify they do not oppose production of complete copies of the insurance claim files through the date of filing of the lawsuit, including any "external communications" with attorneys at Cozen O'Connor, and assert they have already produced those documents. (*Id*. at 4.) However, defendants' agreement to produce goes only to documents in the possession of the insurance companies and not to the files in the possession of the law firm. Defendants confirm their waiver of any attorney-client privilege or work product protection with regard to communications with counsel prior to the filing of the lawsuit. (*Id*. at 3-4, 6-7.) However, they contend any attorney work product contained in the attorney files but not disclosed to the client is not discoverable, and object to production of any "internal files" of Cozen O'Connor. (*Id*.) Defendants do not waive the attorney-client privilege with regard to such documents and likewise assert the applicability of the attorney work product doctrine. Defendants concede a future assertion of an "advice of counsel" defense might render discoverable additional

communications or documents received by the insurance company from outside counsel, but even that hypothetical situation would not allow discovery of documents or communications not received by the insurance companies. (Dkt. 77 at 10-11; Dkt. 85 at 11-12.)

As all parties acknowledge, state law governs the assertion of attorney-client privilege. Fed. R. Evid. 501. In *Cedell v. Farmers Ins. Co.*, 176 Wn.2d 686, 295 P.3d 239, 246 (2013), the Washington Supreme Court found a presumption "that there is no attorney-client privilege relevant between the insured and the insurer in the claims adjusting process" and so the attorney-client privilege is "generally not relevant." "[T]he insurer may overcome the presumption of discoverability by showing its attorney was not engaged in the quasi-fiduciary tasks of investigating and evaluating or processing the claim, but instead in providing the insurer with counsel <u>as to its own potential liability</u>; for example, whether or not coverage exists <u>under the law</u>." *Id.* (emphasis added).

Plaintiff argues defendants cannot rebut the *Cedell* presumption, pointing to Cozen O'Connor's preparation of "Initial Report and Recommendations" (Dkt. 61-1) and "Second Report and Recommendations" (Dkt. 61-2), both of which included a description and comparison to actions taken in the "very similar" Lakewood Shores claim, as well as both the draft and final coverage denial letters (Dkts. 31-3, 31-7). Plaintiff concedes the Cozen O'Connor files may contain some documents that could overcome the non-privilege presumption that arises when an attorney performs quasi-fiduciary claims-handling activities. For that reason, plaintiff asserts the necessity of requiring defendants to produce a log for any withheld responsive documents defendants claim to be non-discoverable.

Defendants do not successfully rebut the discoverability presumption as to the information sought by plaintiff. Defendant Atain's 30(b)(6) witness, Emmanuel Manuelidis, testified his initial

ORDER
PAGE - 4

reaction upon receiving the long-term water damage claim was that it was barred by the one-year suit limitation under Washington law. Mr. Manuelidis decided to hire counsel to confirm his understanding and see if other potential exclusions might apply. (Dkt. 77 at 5.) Milica Aksic, Indian Harbor's 30(b)(6) witness, testified similarly. (*Id*. at 6.) It is apparent, however, the attorneys' role almost immediately expanded beyond advising the insurance companies as to <u>their own liability</u>, to include activities intrinsic to the granting or denial of the claim, that is, claims adjusting activities. *Cf. Cedell*, 295 P.3d at 246.

Defendants do not dispute Cozen O'Connor's authorship of the claim denial letters. This type of activity has been found to be among the quasi-fiduciary tasks of investigating and evaluating or processing a claim. *See, e.g., Bagley v. Travelers Home & Marine Ins. Co.,* No. C16-706-JCC, slip op. (Dkt. 32) at 7 (W.D. Wash. July 5, 2016). The two attorneys also prepared two report and recommendation letters during the claim adjustment period (Dkts. 61-1, 61-2), citing the "very similar" Lakewood Shores case as a favorable model.

Defendants' production of documents maintained by the insurance companies does not go far enough. To the extent Cozen O'Connor attorneys performed quasi-fiduciary claims adjustment work, their files are also part of the claims file. Defendants have not shown activities performed by the attorneys prior to issuance of the IFCA letter on November 12, 2018 were not part and parcel of the function of investigating and evaluating the claim. At a minimum, plaintiff is entitled to conduct reasonable discovery to test that assertion.

Defendants' claim of attorney work product protection also fails. Rule 26 protects documents prepared "in anticipation of litigation or for trial[.]" Fed. R. Civ. P. 26(b)(3)(A). But claims adjustment documents prepared as part of the insurance company's "routine duty to investigate" are "created in the ordinary course of business and therefore [are] not protected by the

ORDER
PAGE - 5

work product doctrine[.]" *Heath v. F/V Zolotoi*, 221 F.R.D. 545, 549-50 (W.D. Wash. 2004). Defendant has not overcome the presumption the documents created prior to the issuance of the IFCA response are discoverable.

Defendants also contest the subpoena of documents related to the Lakewood Shores case. The contention might be more persuasive if both claim reports had not squarely commended the handling of that claim to the attention of the adjustors and suggested it as a model to be followed in the instant claim. Plaintiff is also entitled to reasonable discovery concerning that matter.

The Court, in sum, hereby finds and orders as follows:

(1) Plaintiff's Motion to Compel subpoenas (Dkt. 60) is GRANTED with regard to documents in the Canyon Estates claim created on or before the issuance of the IFCA response on November 12, 2018, but DENIED as to those created after that date. The motion is GRANTED with regard to Lakewood Shores claim documents created on or before the date the case was filed in King County Superior Court, which appears to be August 3, 2018. If defendants can establish an earlier IFCA response date in the Lakewood Shores matter, that date may be substituted for the cutoff of production of such documents. The motion is DENIED as to documents created after such date. The documents should be produced within **fourteen (14) days** of the date of this Order.

(2) If any responsive documents addressed by this Order are withheld by defendants, the Court GRANTS plaintiff's motion to require defendants to produce a log describing the documents with specificity and explaining the basis for the withholding. The log should be provided to plaintiff within **seven (7) days** of this Order. The parties should then meet and confer with regard to the production of any disputed documents. If the parties are not able to come to an agreement, either party may request the Court to conduct an *in camera* inspection of the disputed documents. The Court expects the parties to take every effort to minimize the number of

documents that need to be reviewed.

(3) Defendants' Cross Motion to Modify the subpoenas (Dkt. 77) is GRANTED to the extent it is consistent with the preceding two paragraphs, and is otherwise DENIED.

(4) The Clerk is directed to send copies of this Order to the parties and to Judge Jones.

DATED this 20th day of November, 2019.

Mary Alice Theiler
United States Magistrate Judge