HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CANYON ESTATES CONDOMINIUM ASSOCIATION, a Washington non-profit corporation,

    Plaintiff,

    v.

ATAIN SPECIALTY INSURANCE COMPANY; INDIAN HARBOR INSURANCE COMPANY; WESTCHESTER SURPLUS LINES INSURANCE COMPANY; GREAT LAKES INSURANCE, SE,

    Defendants.

Case No. 2:18-cv-1761-RAJ

ORDER

## I.    INTRODUCTION

This matter comes before the Court on objections by Great Lakes Insurance, SE ("Great Lakes") to the magistrate's discovery order. Dkt. # 94. After considering the objections, this Court held an *in camera* review of documents withheld by Great Lakes based on attorney-client and work product privileges. The Court modifies the magistrate's order as indicated below.

## II.    APPLICABLE LAW

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the

ORDER – 1

importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). The party that resists discovery has the burden to show why the discovery request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

Under Washington law, which governs assertions of attorney-client privilege in this matter, there is a presumption of "no attorney-client privilege relevant between the insured and the insurer in the claims adjusting process." *Cedell v. Farmers Ins. Co. of Washington*, 176 Wash. 2d 686, 698–99 (2013). "[T]he insurer may overcome the presumption of discoverability by showing its attorney was not engaged in the quasi-fiduciary tasks of investigating and evaluating or processing the claim, but instead in providing the insurer with counsel as to its own potential liability; for example, whether or not coverage exists under the law." *Id*. at 699.

### III. DISCUSSION

Great Lakes asserts that it "consciously chose to keep [Michael] Hooks, its outside counsel, separate from the claim investigation, and he did not participate in the investigation or otherwise perform claim handling functions." Dkt. # 94. Based on this apparent demarcation in Hooks' role, Great Lakes objected to the magistrate's order, which granted in part the Association's motion for unredacted copies of claim file documents and invoices for activities billed by Hooks during the claims-handling period. Dkt. # 90.

After reviewing the documents in dispute, the Court can only consider the declarations about Hooks' role to be pure amphigory. Hooks clearly—and arguably, knowingly—engaged in at least some quasi-fiduciary activities, including the authoring of draft letters signed by Great Lakes and sent to the Association related to coverage and

ORDER – 2

claims processing. *See, e.g., Bagley v. Travelers Home & Marine Ins. Co.*, No. C16-706-JCC, 2016 WL 4494463, at *2 (W.D. Wash. Aug. 25, 2016). "[A]ssisting an adjustor in writing a denial letter is not a privileged task." *Id.* Additionally, where the insurer's attorney is involved in both quasi-fiduciary and coverage or liability capacities, waiver of the attorney-client privilege is likely since "counsel's legal analysis and recommendations to the insurer regarding liability generally or coverage in particular will very likely implicate the work performed and information obtained in his or her quasi-fiduciary capacity." *Palmer v. Sentinel Ins. Co. Ltd.*, No. 12–5444 BHS, 2013 WL 3448128, at *2 (W.D. Wash. 2013). Ultimately, the Court finds that very few of the documents at issue are covered by attorney-client privilege given *Cedell*.

There also appears to be little basis for Great Lakes' assertion of work product privilege. Rule 26 protects documents prepared "in anticipation of litigation or for trial[.]" Fed. R. Civ. P. 26(b)(3)(A). Great Lakes was not added to this lawsuit until May 31, 2019, but claims work product privilege over documents going as far back as May 2018. Even under the unlikely assumption that some documents served a dual purpose, Great Lakes cannot meet its burden to show that many of the documents were created because of litigation and not in the normal scope of its insurance business. *In re Grand Jury Subpoena*, 357 F.3d 900, 906 (9th Cir. 2003) ("If a document would have been created in substantially similar form in the normal course of business, however, the fact that litigation is afoot will not protect it from discovery."); *Westridge Townhomes Owners Ass'n v. Great American Assurance Co.*, Case No. C16-1011RSM, 2018 WL 993962 (W.D. Wash. Feb. 21, 2018).

Finally, the Court is convinced after the *in camera* review that Hooks has discoverable information related to the drafting of those letters, relevant to the Association's claims, and that his deposition is permitted under *Cedell*. Determining which questions seek information that remains privileged is an issue for the parties to work out at deposition and not properly before the Court.

//

ORDER – 3

For the reasons stated above, the Court orders as follows:

(1) Plaintiff's Motion to Compel is **GRANTED** as to documents identified in the privilege log as entries 5, 10-11, 16, 18-21, 24, 33, 36, 38, 42, 46, 47-48, 60, 61, 65-67, and 69-70.  Log entry 22 should be produced but may be redacted as to services performed after March 26, 2019.  Plaintiff's motion is **DENIED** as to claim file documents identified in the privilege log as entries 6-9, 12-15, 23, 32, 34, 59, and 72.

(2) Great Lakes shall produce the documents above to the Association no later than **Friday, January 24, 2020**.

DATED this 22nd day of January, 2020.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 4