HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CANYON ESTATES CONDOMINIUM
ASSOCIATION, a Washington non-profit
corporation,

        Plaintiff,

   v.

ATAIN SPECIALTY INSURANCE
COMPANY; INDIAN HARBOR
INSURANCE COMPANY;
WESTCHESTER SURPLUS LINES
INSURANCE COMPANY; GREAT
LAKES INSURANCE, SE,

        Defendants.

Case No. 18-cv-1761-RAJ

**ORDER GRANTING IN PART AND DENYING IN PART THE PARTIES' MOTIONS FOR PARTIAL SUMMARY JUDGMENT**

## I. INTRODUCTION

This matter is before the Court on motions for partial summary judgment filed by Plaintiff Canyon Estates Condominium Association (the "Association") and Defendant Indian Harbor Insurance Company ("Indian Harbor"). Dkt. ## 30, 36.[1]  For the reasons below, the Court **GRANTS in part** and **DENIES in part** the parties' motions.

---

[1] Indian Harbor's motion was brought jointly with Atain Specialty Insurance ("Atain"). *See* Dkt. ## 30, 36. The parties have informed the Court that the Association has settled with Atain. Therefore, the Court has only considered the facts as relevant to the Association and Indian Harbor.

ORDER – 1

## II. BACKGROUND

This is an insurance coverage and bad faith dispute related to a purported $16 million loss at the Canyon Estates Condominium ("Canyon Estates") in Tukwila, Washington. Canyon Estates is operated by the Association. Defendant Indian Harbor Insurance Company provided coverage to the Association as part of an insurance program issued by the Commercial Industrial Building Owner's Alliance, Inc. ("CIBA"). Dkt. # 38. The Indian Harbor policy at issue in this dispute (the "Policy") ran from March 31, 2015 to March 31, 2016. *Id.* at 5.

On April 6, 2018, the Association sent out notices of loss to several insurance companies, including to Indian Harbor, that had issued property policies to Canyon Estates. Dkt. # 31-1. The notices enclosed photos of the discovered damage and requested the insurers each undertake an investigation to determine coverage. *Id.* In a letter dated April 9, 2018, Indian Harbor acknowledged the claim. Dkt. # 31-2. Having reviewed the photos and the applicable provisions in the Policy, Indian Harbor denied coverage via a joint letter with Atain Specialty Insurance Company ("Atain") on April 24, 2018. Dkt. # 31-1. The letter justifies denying coverage based on the Policy's suit limitation provision as well as other provisions excluding coverage for water damage. Dkt. # 31-3. The Policy's suit limitation provision provides as follows:

> **37. SUIT AGAINST COMPANY**
>
> No suit, action or proceeding for the recovery of any claim under this policy shall be sustainable in any court of law or equity unless the Named Insured shall have fully complied with all the requirements of this policy, nor unless the same be commenced within twelve (12) months next after inception of the loss provided, however, that if under the laws of the jurisdiction in which the property is located such limitation is invalid, then any such claims shall be void unless such action, suit or proceedings be commenced within the shortest limit of time permitted by the laws of such jurisdiction.

Dkt. # 38 at 32-33.

ORDER – 2

In November 2018, the Association served Indian Harbor and Atain with a notice under the Insurance Fair Conduct Act ("IFCA"), alleging that the insurers "unreasonably denied coverage" by relying on the Policy's suit limitation provision. Dkt. # 31-6 at 2-5. On or about November 12, 2018, the insurers' provided a response to the Association's letter, stating that suit limitation provisions are enforceable in Washington and, since the suit limitation indisputably expired before the Association provided notice, no further investigation could have impacted their coverage position. Dkt. # 31-7 at 2-6.

On December 7, 2018, the Association brought claims against Indian Harbor for bad faith, violations of Washington Consumer Protection Act ("CPA") and IFCA, as well as negligence. Dkt. # 1. By way of the instant motion, the Association seeks partial summary judgment on its bad faith claim. Dkt. # 30. The Association also seeks to estop Indian Harbor from relying on any exclusions identified in its initial declination letter other than the suit limitation provision. *Id.* Indian Harbor cross-moves for summary judgment on these issues. Dkt. # 36. Indian Harbor also seeks dismissal of the Association's claims under the CPA and IFCA. *Id.*

### III. LEGAL STANDARD

On a motion for summary judgment, the court must draw all inferences from the admissible evidence in the light most favorable to the non-moving party. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party must initially show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The opposing party must then show a genuine issue of fact for trial. *Matsushita Elect. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party must present probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). The court defers to neither party in resolving purely legal questions. *See Bendixen v. Standard Ins. Co.*, 185 F.3d 939, 942

ORDER – 3

(9th Cir. 1999).

## IV. DISCUSSION

### A. Bad Faith Claim

The Association argues that Indian Harbor acted in bad faith as a matter of law by unreasonably investigating its claim and denying coverage. Dkt. # 30. The parties seemingly agree that the Policy's suit limitation provision lies at the heart of their dispute. The Association contends that a suit limitation provision has no effect on an insurer's obligations, including its obligations to conduct a reasonable investigation or pay a covered claim. Dkt. # 43 at 8. As a result, the Association concludes that Indian Harbor's failure to do either entitles it summary judgment. *Id.* Indian Harbor takes the opposite view— that the suit limitation clause and its reasonable investigation require dismissal of the Association's bad faith claim. *See* Dkt. # 36.

#### 1. Denial of Coverage

"In order to establish bad faith, an insured is required to show the breach was unreasonable, frivolous, or unfounded." *St. Paul Fire & Marine Ins. Co. v. Onvia, Inc.*, 165 Wn.2d 122, 196 (2008). Therefore, "[t]he insured does not establish bad faith when the insurer denies coverage … based upon a reasonable interpretation of the insurance policy." *Wellman & Zuck, Inc. v. Hartford Fire Ins. Co.*, 285 P.3d 892, 899 (Wash. Ct. App. 2012). "Whether an insurer acted in bad faith is generally a question of fact." *Sharbono v. Universal Underwriters Ins. Co.*, 161 P.3d 406, 410 (Wash. Ct. App. 2007)). "[A]n insurer is only entitled to ... dismissal on summary judgment of a policyholder's bad faith claim if there are no disputed material facts pertaining to the reasonableness of the insurer's conduct under the circumstances ...." *HB Dev. LLC v. W. Pac. Mut. Ins. Co.*, 86 F. Supp. 3d 1164, 1183 (E.D. Wash. 2015) (quoting *Sharbono*, 161 P.3d at 410)).

The Association submitted a claim to Indian Harbor in April 2018, more than two years after the Policy's coverage period. Dkt. # 31-1. Indian Harbor found no claim for coverage based on the suit limitation provision as well as other certain Policy exclusions.

ORDER – 4

*See* Dkt. # 31-3 (concluding, in part, that the subject loss was "not covered" because "the clause above bars any claim … for recovery of the loss"). However, the Association is correct that Indian Harbor's coverage obligations were not extinguished by the suit limitation provision. *Yancey v. Hartford*, 2012 WL 12878687, at *9 (W.D. Wash. Oct. 23, 2012). As this Court explained in *Yancey*, the suit limitation clause merely places a limitation on a plaintiff's legal remedies. *Id.* The Association's lack of a legal remedy for a breach of the policy does not preclude a claim for coverage. *See id.*; *see also Lakewood Shores Homeowners Ass'n v. Continental Cas. Co.*, Case No. C18-1353-MJP, 2018 WL 9439866 (W.D. Wash. Dec. 14, 2018). Nevertheless, the Court cannot say that Indian Harbor's reliance on the suit limitation clause constitutes bad faith as a matter of law. In similar cases, courts have found that reasonable minds could disagree on Indian Harbor's conduct given the circumstances. *See, e.g.*, *West Beach Condo. v. Commonwealth Ins. Co.*, No. 79676-3-I (Wash. App. Jan. 13. 2020); *Lakewood Shores*, 2018 WL 9439866. And although Indian Harbor raised additional bases for its denial, a reasonable jury could find its conduct unreasonable given how little went into actually determining coverage. *See Smith v. Safeco Ins. Co.*, 78 P.3d 1274 (Wash. 2003) (summary judgment inappropriate where evidence indicates that the insurer's alleged reasonable basis was not the actual basis for its action). Therefore, neither party is entitled to summary judgment on this issue.

### 2. Investigation

Similar reasoning applies to the Association's bad faith allegations for failure to investigate. In general, insurance companies must reasonably investigate an insured's claim in good faith before denying coverage. *See Coventry Assocs. v. Am. States Ins. Co.*, 961 P.2d 933, 935 (Wash. 1998). WAC 284–30–330(4) makes "[r]efusing to pay claims without conducting a reasonable investigation" an unfair or deceptive act and claims settlement practice. "Investigation" means all activities of the insurer directly or indirectly related to the determination of liabilities under coverages afforded by an insurance policy or insurance contract. WAC 284-30-320(9).

ORDER – 5

As courts have noted, however, "[t]here may be cases where coverage is clearly precluded by the terms of the policy, or where the relevant facts are already known to the insurer such that investigation would be truly pointless." *Lakewood Shores*, 2018 WL 9439866 at *5. Indian Harbor takes this position. The Association argues, based on this Court's analysis in *Yancey*, that Indian Harbor's alleged failure to investigate constitutes bad faith as a matter of law. Dkt. # 30 at 11 ("The only way for [Indian Harbor's] … failure to investigate … to not be unreasonable would be if the expiration of the suit limitation clause legally resulted in an insurer being relieved of all obligations to its policyholder").

While *Yancey* makes clear that the suit limitation clause "does not extinguish other policy obligations," 2012 WL 12878687 at *9, it did not reach any conclusions of law on the insurer's alleged failure to investigate. *See also Lakewood Shores Homeowners Association v. Continental Cas. Co.*, Case No. C18-1353-MJP, 2018 WL 9439866 (W.D. Wash. Dec. 14, 2018) ("To be clear, the Court does not intend to suggest … that an insurers' [*sic*] failure to investigate a claim for coverage will be unreasonable in every case."). "The question of reasonableness is highly dependent upon the context of each individual case and does not lend itself to a mechanical application of cases with analogous, or distinguishable, facts." *GCG Assocs. LP v. American Cas. Co. of Reading PA*, 2008 WL 3542620, at *9 (W.D. Wash. Aug, 8, 2008). Because reasonable minds could differ on the reasonableness of Indian Harbor's conduct under the circumstances, summary judgment is inappropriate.

**B.     Estoppel**

The parties seek clarification on whether estoppel bars Indian Harbor from relying on coverage defenses beyond the suit limitation clause. In the insurance context, estoppel "arises by operation of law, and rests upon acts, statements or conduct on the part of the insurer or its agents which lead or induce the insured, in justifiable reliance thereupon, to act or forbear to act to his prejudice." *Buchanan v. Switz. Gen. Ins. Co.*, 455 P.2d 344 (Wash. 1969). Under Washington law, "it is the general rule that if an insurer denies

ORDER – 6

liability under the policy for one reason, while having knowledge of other grounds for denying liability, it is estopped from later raising the other grounds in an attempt to escape liability, provided that the insured was prejudiced by the insurer's failure to initially raise the other grounds." *Bosko v. Pitts & Still, Inc.*, 454 P.2d 229 (Wash. 1969); *see also Milgard Mfg., Inc. v. Liberty Mut. Ins. Co.*, No. C13–6024 BHS, 2015 WL 4898902 (W.D. Wash. Aug. 17, 2015).

The Association contends that Indian Harbor only relied upon the suit limitation clause in denying coverage and should be precluded from changing its position. Dkt. # 30 at 15. However, Indian Harbor's denial letter contains additional bases for its decision beyond the suit limitation provision. These include, among others, Policy exclusions for "[c]ontinuous or repeated seepage or leakage of water, or the presence of condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more" (under § 7.b.(10))"; "[l]oss or damage caused directly or indirectly by mold or other fungi, wet or dry rot, or bacteria" (under §7.g.(1))"; "[f]aulty, inadequate or defective design, planning, development, surveying, siting, specifications"; and "damage to the interior of any building or structure caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not…." Dkt. # 31-3 at 3. The Association cannot seriously claim prejudice when it has been apprised of Indian Harbor's purported justifications since April 2018. *See, e.g.*, *Karpenski v. Am. Gen. Life Cos.*, 999 F.Supp.2d 1235, 1245-46 (W.D. Wash. 2014) (estoppel applied where insurers asserted new reasons for rescinding coverage on summary judgment). The Court will not stop Indian Harbor from relying on the Policy exclusions contained within its denial letter.

### C. Claims under the Washington Consumer Protection Act and Insurance Fair Conduct Act (IFCA)

Indian Harbor asks the Court to grant their cross-motion for summary judgment, dismissing the Association's extra-contractual claims. Dkt. # 36. The Association opposes and seeks declaratory relief that if Indian Harbor violated IFCA and the CPA by

ORDER – 7

unreasonably denying its claim for coverage or payment of benefits, then it can recover the contractual benefits Indian Harbor should have otherwise paid. Dkt. # 43. For reasons already discussed, the Association's bad faith claim survives. The claims under the Washington Consumer Protection Act ("CPA") and the Insurance Fair Conduct Act ("IFCA") survive for the reasons below.

Under the CPA, a plaintiff must prove that the defendant's act or practice (1) is unfair or deceptive; (2) occurs in the conduct of trade or commerce; (3) affects the public interest; (4) causes injury to the plaintiff's business or property; and (5) causes the injury suffered. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 535 (1986). The CPA allows a plaintiff who has been "injured in his or her business or property by a violation" to recover actual damages, trial costs, and attorney's fees. RCW 19.86.090; *Ambach v. French*, 216 P.3d 405, 407 (Wash. 2009). As the Washington Supreme Court recently indicated, the deprivation of contracted-for insurance benefits is an injury to "business or property" under the CPA. *Peoples v. United Servs. Auto. Ass'n*, 452 P.3d 1218, 1222 (Wash. 2019).

The IFCA gives a cause of action to a first-party insured against an insurer who "unreasonably denie[s] a claim for coverage or payment of benefits." RCW § 48.30.015(1). An insurer is only liable for those damages proximately caused by its IFCA violation. *See Schreib v. Am. Family Mut. Ins. Co.*, 129 F.Supp.3d 1129, 1136 (W.D. Wash. 2015); *Dees v. Allstate Ins. Co.*, 933 F.Supp.2d 1299, 1312 (W.D. Wash. 2013). As part of the damages proximately caused by the IFCA violation, an insured can recover policy benefits that were unreasonably denied, subject to the policy's limits and other applicable terms and conditions. *Id*. at 1312–13 (citing *Tavakoli v. Allstate Prop. & Cas. Ins. Co.*, No. C11–1587 RAJ, 2012 WL 6677766, at *9 (W.D. Wash. Dec. 21, 2012)).

Giving the foregoing authority, Indian Harbor's motion fails for several reasons. First, each of the Association's extracontractual claims depends upon the reasonableness of Indian Harbor's conduct, which the Court cannot determine as a matter of law. *See*

ORDER – 8

*Yancey*, 2012 WL 12878667, at *9 (noting that "IFCA expressly requires an unreasonable denial of coverage or benefits" and that CPA claims may depend on the reasonableness of the insurer's conduct when based on a general duty of good faith or certain violations of Washington's insurance regulations). Second, the Association has presented evidence of unreasonably denied policy benefits. As prior decisions indicate, both the CPA and IFCA permit insureds to recover policy benefits that were unreasonably denied, subject to limits and other applicable terms and conditions. *West Beach Condominium v. Commonwealth Ins. Co*., No. 79676-3-I (Wash. App. Jan. 13. 2020); *Dees*, 933 F. Supp. 2d at 1312-13; *see also Schreib*, 129 F.Supp.3d at 1137.

## V. CONCLUSION

For the reasons above, the Court **GRANTS in part** and **DENIES in part** the parties' motions.

DATED this 21st day of January, 2020.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 9