HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CANYON ESTATES CONDOMINIUM ASSOCIATION, a Washington non-profit corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>ATAIN SPECIALTY INSURANCE COMPANY; INDIAN HARBOR INSURANCE COMPANY; WESTCHESTER SURPLUS LINES INSURANCE COMPANY; GREAT LAKES INSURANCE, SE,<br><br>    Defendants. | Case No. 2:18-cv-01761-RAJ<br><br>ORDER DENYING MOTION TO EXCLUDE AND MOTION FOR ORDER BARRING CLAIMS BY NON-SETTLING INSURERS |

Before the Court are two motions: Defendants Indian Harbor's and Atain's Motion to Exclude Plaintiff's Expert Robert H. Aronson (Dkt. # 62) and Defendant Atain Specialty Insurance Company's Motion for an Order Barring Claims by Non-Settling Insurers and for Entry of Final Judgment (Dkt. # 134). For the reasons below, the Court **DENIES** the motions.

ORDER – 1

## I. BACKGROUND

The deadline for the parties to disclose expert witnesses and reports was August 15, 2019. Dkt. # 41. On that day, Plaintiff Canyon Estates Condominium Association ("Association") disclosed the expert testimony of J. Kay Thorne, an expert on "claim handling, claim management, litigation management, and coverage issues." Dkt. # 62 at 2-3. Mr. Thorne is not a lawyer. *Id.* at 4. Yet, in one part of his report, he opined that "[b]y training and professional responsibility, counsel engaged by [an] insurer (particularly when used as litigation counsel) represents and advocates for their client, the insurer." Dkt. # 63 at 14-15. Mr. Thorne thus believed that the handling of the Association's claim "fell well below the custom and practice" of the industry standard. *Id.* In response, Defendants Indian Harbor Insurance Company ("Indian Harbor") and Atain Specialty Insurance Company ("Atain") submitted a rebuttal expert report rendered by Karen Weaver. *Id.* at 2. Citing Mr. Thorne's lack of qualifications, Ms. Weaver rejected Mr. Thorne's conclusions on legal ethics and practice. *Id.* at 34.

Days later, the Association submitted a rebuttal report to Ms. Weaver's rebuttal report. *Id.* at 2. The Association's new expert Robert H. Aronson, a law professor apparently qualified to testify on legal ethics, rendered an opinion bolstering Mr. Thorne's. *Id.* at 46 ("Cozen O'Connor was not acting in a fair and impartial manner when acting on behalf of Atain and Indian Harbor in the adjustment of this claim but rather was acting as a hired advocate to promote the[ir] positions . . . ahead of . . . the Association['s] as the policyholder."). Soon after, Indian Harbor and Atain moved to exclude Mr. Aronson's testimony, arguing that Mr. Aronson was an improper sur-rebuttal expert or a late disclosed primary expert. Dkt. # 62 at 4.

Since Indian Harbor and Atain filed the motion to exclude, Atain has settled with the Association. Dkt. # 143. Atain moved for an order barring contribution claims by non-settling insurers, Dkt. # 134, but later reached a stipulation to the same effect, Dkt. # 143. However, it did not withdraw its pending motions before being dismissed.

ORDER – 2

## II.  DISCUSSION

The Federal Rules of Civil Procedure are silent on sur-rebuttal expert reports. Fed. R. Civ. P. 26(a)(2); *Houle v. Jubilee Fisheries, Inc.*, No. 2:04-cv-02346-JLR, 2006 WL 27204, at *2 (W.D. Wash. Jan. 5, 2006) ("[T]he federal rules do not contemplate 'sur-rebuttal' experts."). They, of course, address affirmative expert reports and even rebuttal expert reports, but not sur-rebuttal expert reports. Fed. R. Civ. P. 26(a)(2). Many courts, however, do no interpret this silence as prohibition. Instead, they require parties to seek leave of court before filing a sur-rebuttal expert report. *See, e.g.*, *Louisiana Health Care Self Ins. Fund v. United States*, No. 3:12-cv-00766-JWD-RLB, 2014 WL 3720526, at *1 (M.D. La. July 25, 2014) (collecting cases); *Fed. Trade Comm'n v. Innovative Designs, Inc.*, No. 2:16-cv-01669-NBF, 2018 WL 3611510, at *4 (W.D. Pa. July 27, 2018).

In any event, it is Rule 37 that "gives teeth" to Rule 26's disclosure requirements. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Rule 37(c)(1) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *See also Karpenski v. Am. Gen. Life Ins. Cos., LLC*, 999 F. Supp. 2d 1235, 1241 (W.D. Wash. 2014) (citing *Yeti*, 259 F.3d at 1106) ("District courts have wide latitude to impose discovery sanctions pursuant to Rule 37(c)(1)."). "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." *R&R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1246 (9th Cir. 2012) (citing *Torres v. City of L.A.*, 548 F.3d 1197, 1213 (9th Cir. 2008)).

The Association should have obtained a stipulation or leave of court before disclosing Mr. Aronson's sur-rebuttal report, but it did not, and thus the Court agrees with Indian Harbor and Atain that the report was improperly disclosed under Rule 26.

ORDER – 3

Dkt. # 62 at 6.  But the Court must look to Rule 37 for discovery sanctions.  Fed. R. Civ. P. 37(c)(1).  Under Rule 37, the Court must determine whether the Association's failure was "substantially justified" or "harmless."  *Id.*  Though it has failed to show that the sur-rebuttal report was substantially justified, the Association has shown that the report is harmless.  Mr. Aronson's report largely mirrors Mr. Thorne's, which was timely disclosed.  Dkt. # 75 at 7.  Thus, Mr. Aronson's conclusions come as no surprise.  And, most importantly, there has been ample time to conduct discovery on Mr. Aronson.  His report was disclosed on September 23, 2019, Dkt. # 63 at 2, and the time to conduct depositions has been running since then and will continue to run until July 31, 2020, Dkt. # 149.  All told, Indian Harbor and Atain will have had nearly one year to depose Mr. Aronson.  Lastly, trial is not imminent.  In sum, the Association has shown that the disclosure was harmless, and Indian Harbor and Atain have not shown any prejudice.

Finally, because the parties stipulated to Atain's dismissal and claim bar and because Atain has in fact now been dismissed, Atain's earlier motion for an order barring contribution claims is now moot.

### III.  CONCLUSION

For the reasons stated above, the Court **DENIES** Indian Harbor's and Atain's Motion to Exclude Plaintiff's Expert Robert H. Aronson (Dkt. # 62) and **DENIES** as moot Atain's Motion for an Order Barring Claims by Non-Settling Insurers and for Entry of Final Judgment (Dkt. # 134).

DATED this 8th day of June, 2020.

The Honorable Richard A. Jones
United States District Judge

ORDER – 4